UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES BANKSTON ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-01289** |
| **IMAGINE POOLS MANUFACTURING NORTH AMERICA, INC., ET AL.** | **SECTION: "H" (5)** |

### ORDER AND REASONS

Before the Court is a Motion to Compel Arbitration and to Dismiss (Doc. 7) from Defendants Imagine Pools Manufacturing North America, Inc., and Leisure Pools and Spas USA, Inc. For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

In May 2021, Plaintiffs James Bankston and Heather Berthelot and Defendant Mardi Gras Pools, L.L.C. ("Mardi Gras Pools") entered into a purchase agreement for the installation of a pool. Mardi Gras Pools is a certified installer for Imagine Pools Manufacturing North America, Inc. ("Imagine Pools") and Leisure Pools and Spas USA, Inc., (collectively "Manufacturer Defendants"). Plaintiffs allege that the pool was improperly installed by Mardi Gras Pools and that Manufacturer Defendants failed to properly vet Mardi Gras Pools as a certified installer. Plaintiffs also allege that

1

Manufacturer Defendants have failed to honor the warranty provided in connection with their purchase of the pool ("the Warranty").

Now before the Court is Defendants' Motion to Compel Arbitration and to Dismiss. Defendants allege that the Warranty contains a mandatory arbitration clause and that, in the alternative, Plaintiffs have failed to state a claim. Plaintiffs oppose.

## LEGAL STANDARD

"[T]he Fifth Circuit has endorsed Rule 12(b)(3) as the proper vehicle to seek dismissal" based on an arbitration clause.[1] The question of arbitrability is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which broadly applies to any written provision in "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction."[2] A two-step analysis governs whether parties should be compelled to arbitrate a dispute.[3] The Court must first determine whether the parties agreed to arbitrate the dispute.[4] This determination involves two separate inquiries: (1) whether there is a valid agreement to arbitrate between the parties, and, if so, (2) whether the dispute in question falls within the scope of that agreement.[5] Both inquiries are generally guided by ordinary principles of state contract law.[6] The strong federal policy favoring arbitration applies "when addressing ambiguities regarding whether a question falls within an arbitration agreement's scope," but it does not apply

---

[1] Sinners & Saints, L.L.C. v. Noire Blanc Films, L.L.C., 937 F. Supp. 2d 835, 845 (E.D. La. 2013).
[2] Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).
[3] JP Morgan Chase & Co. v. Conegie *ex rel.* Lee, 492 F.3d 596, 598 (5th Cir. 2007).
[4] Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004).
[5] Sherer v. Green Tree Servicing LLC, 548 F.3d 379, 381 (5th Cir. 2008).
[6] *See* First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

"when determining whether a valid agreement exists."[7] If the Court finds the parties agreed to arbitrate, it must then proceed to the second step of the analysis and consider whether any federal statute or policy renders the claims non-arbitrable.[8] On a Rule 12(b)(3) motion to dismiss, the court may consider, the complaint, its proper attachments, and other evidence in the record.[9]

## LAW AND ANALYSIS

### I. Agreement to Arbitrate

Defendants argue that Plaintiffs are required to arbitrate their claims pursuant to the arbitration clause in the Warranty. The arbitration clause provides that "any and all disputes arising out of or in connection with this Limited Warranty and/or the Pool shall be submitted to and settled by binding arbitration under the authority of the Federal Arbitration Act."[10] The Warranty also includes a choice of Tennessee law. In response, Plaintiffs argue that there was no agreement to arbitrate because the Warranty was not disclosed to Plaintiffs prior to when the dispute arose. Plaintiffs state that they received the Warranty after the pool was installed and did not know of its existence when the pool was purchased, when Mardi Gras Pools broke ground, or when issues with the pool installation began.

In August 2021, after Plaintiffs advanced $35,000, Mardi Gras Pools began installing Plaintiffs' pool. As work commenced, Plaintiffs communicated their concerns about the installation work performed by Mardi Gras Pools to Imagine Pools by email. Defendants have provided the email chain to this Court in support of their Motion.[11] In response to Plaintiffs' concerns, Imagine

---

[7] *Sherer*, 548 F.3d at 381.
[8] Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 471 (5th Cir. 2002).
[9] *Sinners & Saints, L.L.C.*, 937 F. Supp. 2d at 845.
[10] Doc. 7-2 at 10.
[11] Doc 7-2.

3

Pools emailed Plaintiffs a copy of its Limited Warranty to review and explained that it typically provides its customers with the Warranty after installation is completed. The parties continued to correspond on the email chain to which the Warranty was attached, and Manufacturer Defendants' factory representatives later visited Plaintiffs' home and made repairs to the pool in accordance with the Warranty. Despite this, the pool was still in need of repair at the time Plaintiffs filed this action, and their Complaint includes a claim against the Manufacturer Defendants for failure to honor the Warranty.

Ordinary principles of state contract law apply to the determination of whether parties formed a valid arbitration agreement.[12] Under both Louisiana and Tennessee state law, a contract is formed by consent of all parties.[13] Acceptance of an arbitration agreement need not include a signature, and conduct alone "may show the effect or validity of the agreement."[14] Here, Imagine Pools emailed the Warranty to Plaintiffs for their review, and Plaintiffs continued to communicate with Imagine Pools about the product on the same email chain where the Warranty was received. Plaintiffs also sought repairs pursuant to the Warranty and have brought a claim in this action for failure to honor the Warranty. Plaintiffs cannot avail themselves of the benefits of the Warranty and then claim that they did not agree to the arbitration clause therein. Accordingly, this Court finds a valid agreement to arbitrate.

---

[12] Am. Heritage Life Ins. Co. v. Lang, 321 F.3d 533, 537–38 (5th Cir. 2003).

[13] Chase Bank USA, N.A. v. Leggio, 999 So. 2d 155, 159 (La. App. 2 Cir. 2008) (citing LA. CIV. CODE. art. 1927); Johnson v. Central Nat. Ins. Co. of Omaha, Neb., 356 S.W.2d 277, 281 (Tenn. Apr. 4, 1962). Despite the Tennessee choice of law in the Warranty, neither party relies on Tennessee law as it relates to the issue of arbitration.

[14] *In re* Succession of Taravella, 734 So. 2d 149, 151 (La. App. 5 Cir. 1999). "Consent to a contract may be implied by the action of the parties." Reed v. Flame Petroleum, Inc., 469 So. 2d 1217, 1218 (La. App. 1 Cir. 1985).

## II. Scope

Second, the Court must assess whether this dispute falls within the scope of the arbitration clause.[15] Federal and state policy assert that doubts about the scope of arbitration "should be resolved in favor of arbitration."[16] The Fifth Circuit explained that "a valid agreement to arbitrate applies 'unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.'"[17]

The arbitration clause here covers "any and all claims and disputes arising out of or in connection with this Limited Warranty and/or the Pool."[18] The Fifth Circuit has held that broad arbitration clauses such as this one require only that "the dispute 'touch' matters covered" by the agreement to be arbitrable. Here, Plaintiffs bring claims for failure to honor the Warranty and faulty installation of the pool. Therefore, the dispute is within the scope of the arbitration clause. Further, Plaintiffs have not identified any federal statute or policy that renders their claims non-arbitrable. Accordingly, this Court finds that Plaintiffs claims should be referred to arbitration.

## III. Stay or Dismissal

The FAA provides that "upon being satisfied that the issue involved in [a] suit or proceeding is referable to arbitration under such an agreement, [the

---

[15] *Sherer*, 548 F.3d at 381.

[16] Safer v. Nelson Fin. Group Inc., 422 F.3d 289, 294 (5th Cir. 2005) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1. 24–25 (1983)); Lafleur v. Law Offices of Anthony G. Buzbee, P.C., 960 So. 2d 105, 111 (La. App. 1 Cir. 2007); *see also* L.A. REV. STAT. § 9:4201 ("A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.").

[17] Personal Sec. & Safety Sys. Inc. v. Motorola Inc., 297 F.3d 388, 392 (quoting Neal v. Hardee's Food Sys., Inc., 918 F.2d 34, 37 (5th Cir. 1990)).

[18] Doc. 7-2 at 10.

court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[19] While this provision clearly contemplates a stay, Manufacturer Defendants have requested dismissal. The Fifth Circuit has held that "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration."[20] Here, however, Mardi Gras Pools was not a party to the arbitration agreement at issue and has not sought to compel arbitration of the claims against it. Accordingly, a stay is the appropriate remedy.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED**, and **IT IS ORDERED** that Plaintiffs' claims against Defendants Imagine Pools Manufacturing North America, Inc., and Leisure Pools and Spas USA, Inc. shall be referred to arbitration.

**IT IS FURTHER ORDERED** that this case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending arbitration.

New Orleans, Louisiana this 6th day of December, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[19] 9 U.S.C. § 3.
[20] Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992).